# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ENRIQUE CUERO-SALAZAR,

    Petitioner,

v.                                           CIV. CASE NO. 8:13-CV-330-T-30AEP
                                            Crim. Case No. 8:10-CR-289-T-30AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This Cause is before the Court upon Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly dismissed without a response from the United States. 28 U.S.C. § 2255(b). The Government need not respond at this time because the Motion appears on its face to be time-barred and otherwise deficient. Consequently, the Motion will be dismissed absent a satisfactory response by Petitioner.

## BACKGROUND

Petitioner challenges the validity of his plea-based convictions for conspiracy to operate a semi-submersible vessel without nationality and conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, for which he was sentenced to 120 months imprisonment,

to be followed by five years of supervised release. As grounds for relief, Petitioner argues his trial counsel was "ineffective for failing to raise a substantial claim before the sentencing court or in a direct appeal[,]" namely that counsel failed to challenge the trial court's jurisdiction to hear the case as Petitioner seems to assert he was engaged in drug trafficking within territorial waters rather than international waters upon his apprehension. (CV Dkt. 1, 5)

In the Motion, Petitioner relies on *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), which concerns Congress's ability under the "Offences Clause" of Article I, Section 8, Clause 10 of the United States Constitution to proscribe drug-trafficking activity in the territorial waters of foreign countries. *See id.* at 1258. He also seems to recognize his Motion is untimely and time-barred as he relies on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to argue that procedural default should not bar this Court from hearing his "substantial claim of ineffective assistance of counsel[.]" (CV Dkt. 1, § 2255 Motion, 13). Despite Petitioner's claims, the Motion is time-barred unless Petitioner satisfactorily addresses why he failed to file the Motion in a timely manner as both *Martinez* and *Bellaizac-Hurtado* are distinguishable for the reasons mentioned below.

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act creates a one-year limitation period for a motion to vacate.[1] Because Petitioner's conviction was final on May 3, 2011,

---

[1] "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1).

Petitioner's limitation expired one year later, on May 3, 2012.[2] Petitioner declares he placed his Motion in the prison mailing system on January 30, 2013, which is beyond the one-year period of limitation under 28 U.S.C. § 2255(f). Consequently, Petitioner's Motion is time-barred unless he can show he was prevented from timely filing the Motion because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).[3] Here, Petitioner has not presented any argument to establish that he is actually innocent of the crime charged or that extraordinary circumstances prevented him from timely filing his motion to vacate.

Regarding *Martinez*, Petitioner cannot rely on it to argue his trial counsel's alleged ineffective assistance allows him to avoid § 2255's time bar. In *Martinez*, the Supreme Court held,

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

---

[2] *Bellaizac-Hurtado* would not entitle Petitioner to a delayed start of the limitation period under § 2255(f)(3) as *Bellaizac-Hurtado* is a circuit court decision, and § 2255(f)(3) requires the recognition of a new right by the Supreme Court in order to delay the limitation period's start. 28 U.S.C. § 2255(f)(3). *Bellaizac-Hurtado* is also not a "fact" for the purposes of a delayed limitation period under § 2255(f)(4), which provides for beginning the limitation period on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4); *see Madaio v. United States*, 397 Fed. App'x 568, 570 (11th Cir. 2010) (unpublished) (finding "the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.").

[3] The Court notes that a jurisdictional challenge is not excluded from the one-year limitation period. *See*, *e.g.*, *United States v. Williams*, 383 Fed. App'x 927, 929-30 (11th Cir. 2010) (unpublished) (finding § 2255 specifically "includes jurisdictional challenges in its enumeration of grounds for relief from sentence that may be asserted under" it); *Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) (holding that jurisdictional challenges "are not exempt from § 2255's filing deadline").

*Martinez*, 132 S. Ct. at 1320. The Supreme Court defined "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.* at 1315.

Here, unlike *Martinez*, Petitioner is in federal not state custody. Petitioner is also not seeking habeas relief from the outcome of a state court initial-review collateral proceeding. Indeed, this Motion serves as his federal initial-review collateral proceeding. His case is clearly distinguishable from the petitioner's in *Martinez*, which involved whether a procedural bar, not a time-bar, should apply to an ineffective assistance of counsel claim from a state proceeding. *See United States v. Juarez*, No. 3:09CR6/MCR, 2013 WL 791066, at *1, *3 (N.D. Fla. Jan. 31, 2013) (finding *Martinez* "addressed the issue of procedural default based on ineffective assistance of habeas counsel in a state habeas proceeding, and as such it is inapplicable to federal convictions and has no effect on the timeliness of [a] [d]efendant's submission" of a § 2255 motion), *report and recommendation adopted,* No. 3:09CR6/MCR, 2013 WL 791025, at *1 (N.D. Fla. Mar. 4, 2013).

As stated above, Petitioner raises only one ground for relief in the Motion, that his trial counsel was ineffective for failing to raise a substantial claim before the sentencing court or in a direct appeal. Petitioner did directly appeal his sentence to the Eleventh Circuit, filing a Notice of Appeal on December 30, 2010, but on January 7, 2011, Petitioner filed a motion (CR Dkt. 83) with this Court to withdraw both his Declaration of Intent to Appeal and his Notice of Appeal. By that time, the Eleventh Circuit had already lodged his case, so he voluntarily filed a motion before the Eleventh Circuit to dismiss his appeal. It appears

Petitioner did so because he decided cooperating with the Government was a better approach for him since the Government would not have let him cooperate had he continued with his appeal.[4] Petitioner cannot now fault his attorney for not including an issue on direct appeal that he voluntarily decided to dismiss. The only issue remaining is whether his attorney was negligent for not raising the jurisdictional issue at sentencing.

For purposes of finding ineffective assistance of counsel, it does not matter whether his attorney failed to raised the issue of jurisdiction at sentencing. Assuming arguendo that Petitioner's trial counsel was negligent for not raising the issue of jurisdiction at sentencing, Petitioner was not prejudiced as he had already admitted this Court's jurisdiction over him in his plea agreement, stating, "[T]his Court has jurisdiction." (CR Dkt. 45, Plea Agreement, 8). Moreover, he pled guilty to Count I and Count III of the Superceding Indictment, wherein he admitted he was "aboard a vessel subject to the jurisdiction of the United States" for purposes of Count I and "on board a vessel subject to the jurisdiction of the United States" for purposes of Count III. (CR Dkt. 24, Superceding Indictment, 1,3). In addition, *Bellaizac-Hurtado*, the case Petitioner relies on in asserting he was not subject to the jurisdiction of the United States, does not apply to him.

Briefly, Petitioner was a member of a four-man crew (the "Crew") smuggling cocaine aboard a stateless semi-submersible vessel (the "Vessel") in the international waters of the

---

[4] "On January 5, 2011, the defendant made a telephone call to [his trial] counsel requesting the withdrawal of both his 'Declaration of Intent to Appeal,' and 'Defendant's Notice of Appeal.' The defendant's reasons for his request was [sic] that he had received different and confusing 'legal advise,' [sic] from other inmates and, because he wanted to continue his cooperation with the government in hopes of benefitting from . . . [United States Sentencing Guidelines] §5K1.1, he wanted to withdraw all appeal notices filed in his case." (CR Dkt. 83, Motion to Withdraw Defendant's Declaration of Intent to Appeal and Notice to Appeal, 1-2).

Eastern Pacific Ocean. On July 9, 2010, the Vessel was boarded by the Guatemalan Navy ("GN") about 110 nautical miles off the coast of Guatemala. The Crew all claimed Colombian nationality but made no claim of nationality for the Vessel, rendering it stateless in the later opinion of the United States Coast Guard ("USCG"). The GN secured the Vessel to its own ship while GN personnel boarded the Vessel, "unaware that the . . . [C]rew had opened scuttling valves in the [Vessel] to sink it. As the [Vessel] sank, it caused the [GN ship] to capsize and threw the [GN] personnel and [the Crew] into the open sea." (CR Dkt. 45, Plea Agreement, 11). Luckily, the USCG was nearby and dropped an inflatable raft from a Maritime Patrol Aircraft, "which secured the [GN] personnel and [the Crew] until a GN" rescue ship arrived. (CR Dkt. 45, Plea Agreement, 11). The GN transferred the Crew, including Petitioner, to the USCG "in international waters several days later[,]" as well as contraband, including the only bale of cocaine recovered from the site of the Vessel's sinking. (CR Dkt. 45, Plea Agreement, 11). Petitioner admitted all of the above, and more, in his Plea Agreement.

Thus, Petitioner cannot rely on *Bellaizac-Hurtado* as it is factually distinguishable from his case despite his claim, now, that he was apprehended in a foreign country's territorial waters rather than international waters. As mentioned above, Petitioner admitted in his written plea agreement's "Facts" section that the USCG received him into its custody in "international waters" and that he had been apprehended a few days prior to that by the GN "in the international waters of the Eastern Pacific Ocean, . . . approximately 110 nautical miles off the coast of Guatemala." (CR Dkt. 45, Plea Agreement, 10-11). Those admissions

place him in international waters at the time of his apprehension and transfer, beyond any country's territorial waters. *See U.S. v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003) (stating the United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts).

Petitioner cannot escape his earlier admissions simply by making contrary assertions now. Accordingly, it is hereby ORDERED that:

1. Petitioner has thirty (30) days from the date of this Order to explain to the Court why the one-year time-bar should not apply to his Motion to Vacate, Set Aside, or Correct Sentence. If Petitioner does not respond on or before **May 18, 2013**, the § 2255 Motion will be dismissed without further notice.

**DONE** and **ORDERED** in Tampa, Florida on April 18, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2013\13-cv-330 order to respond.wpd